IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CALVIN GILBERT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 121-167 |
| | ) | |
| STATE OF GEORGIA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at Rutledge State Prison in Columbus, Georgia brings the above-captioned case pursuant to 28 U.S.C. § 2254 and seeks permission to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** without prejudice, the first motion to proceed IFP, (doc. no. 3), be **GRANTED**, the second motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 4), and this civil action be **CLOSED**.

**I.     BACKGROUND**

In July 2014, Petitioner was convicted of possession of cocaine and being a pedestrian under the influence in the Superior Court of Richmond County, Georgia and sentenced to three years of imprisonment followed by six years of probation. (Doc. no. 1, p. 1.) In February 2019, while serving probation, Petitioner was adjudicated guilty of burglary in the second degree in the Columbia County Superior Court and sentenced to three years of imprisonment followed

by two years of probation to run concurrent with his 2014 conviction. (Id. at 1, 5.)

Petitioner did not appeal his convictions or seek review by a higher state court. (Id. at 2-5.) However, Petitioner filed a previous § 2254 petition with this Court, and U.S. District Judge J. Randal Hall dismissed that petition as unexhausted. See Gilbert v. State of Georgia, CV 121-105, doc. no. 11 (S.D. Ga. Aug. 31, 2021).[1]

Petitioner signed the instant federal petition on November 1, 2021. (Doc. no. 1, p. 15.) Petitioner enumerates three grounds for relief in this federal habeas corpus petition. (See doc. no. 1.) In all three grounds, Petitioner states the Georgia Department of Corrections incorrectly took away jail credit he earned and therefore he is being unlawfully confined and should be released on probation. (Id. at 5, 7, 8.) As such, he requests the Court grant him relief by granting his release from prison. (Id. at 15.)

## II. DISCUSSION

### A. Petitioner Invokes Both the Province of § 2241 and §2254

Petitioner is currently "in custody pursuant to the judgment of a State Court," 28 U.S.C. §2254(a), but he asserts he is being wrongfully confined past his sentence and seeks to challenge the computation of his credit for time served. Petitioner's challenge properly sounds in 28 U.S.C. § 2241 because Petitioner is challenging the computation of his sentence, not his underlying convictions.[2] Thus, the petition is subject to the provisions of

---

[1] United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) (confirming courts may take judicial notice of records from other courts).

[2] "Challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under 28 U.S.C. § 2241. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008)." Benitez v. Warden, FCI Miami, 2014 WL 1716994 at *1 (11th Cir. May 2, 2014) (federal sentence challenge); see also Calderon v. Flournoy, 2014 WL 3500064 at * 3 (N.D. Fla. July 15, 2014) (same); Thomas v. Rios, 548 F. App'x 508, 511 n. 5

both § 2254 and § 2241. Medberry v. Crosby, 351 F.3d 1049, 1060-61 (11th Cir. 2003). As the Eleventh Circuit stated:

> . . . [A] state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ--to both federal and state prisoners. Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to § 2254.

Id. at 1062.

### B. The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a

---

(10th Cir. 2013) (state sentence); Rueb, 504 F. App'x at 722 ("We conclude that the district court correctly dismissed this claim on the grounds that it raised a challenge to the execution of Plaintiffs state sentences, not the conditions of his confinement, and thus could only be brought as a habeas petition under 28 U.S.C. § 2241").

federal court in a habeas petition." Turner v. Crosby, 339 F.3d 1247, 1281 (11th Cir. 2003) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (*per curiam*) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. See Powell v. Allen, 602 F.3d 1263, 1269 (11th Cir. 2010) (*per curiam*); Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

Although there is no exhaustion requirement in the language of 28 U.S.C. § 2241(c)(3), case law counsels that federal courts should not exercise jurisdiction under § 2241 if the issues raised might be resolved by other available state procedures. Turner v.

Morgan, No. 3:12cv188/MCR/CJK, 2012 WL 2003835, at *2 (N.D. Fla. Apr. 25, 2012), adopted by, 2012 WL 2003452 (N.D. Fla. June 4, 2012) (citing Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004); Thomas v. Crosby, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring); Tooten v. Shevin, 493 F.2d 173, 175 (5th Cir. 1974)1 ).  "The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process."  Id. (citation omitted).  Thus, it is clear that an exhaustion requirement applies in this case.

**C.     Petitioner Failed to Exhaust State Remedies**

Here, Petitioner does not allege he has filed a direct appeal or a state habeas petition. (Doc. no. 1, pp. 2-5.)  Nor does Petitioner allege he sought mandamus relief or an injunction against the Commissioner of the Department of Corrections ("DOC").  (Id.)  To properly exhaust claims of improper credit computations through available state procedures, Petitioner should have filed a mandamus or injunction action in the appropriate state court naming the DOC Commissioner as the Respondent.  See Anderson v. State, 660 S.E.2d 876, 877 (Ga. App. 2008) (holding trial court did not have jurisdiction to rule on computation of credit for time served and any challenge to computation, absent "gratuitous misdirection" from trial court, would be mandamus or injunction action against DOC Commissioner); see also Cutter v. State, 622 S.E.2d 96, 98-99 (Ga. App. 2005); Bryant v. Evans, 261 S.E.2d 620, 621 (Ga. 1979) (appeal in mandamus action against DOC Commissioner for alleged improper calculation of jail credit).

Generally, as a matter of comity, the state courts must be afforded a fair opportunity to

5

hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment.  Picard v. Connor, 404 U.S. 270, 275 (1971).  However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim."  St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).

Here, there is no indication of unreasonable delay or a refusal to address a claim such that this Court should disregard the exhaustion requirement.  Petitioner has not filed a state habeas petition, a writ of mandamus, an injunction, or alleged any refusal by the state courts to hear his claims.  As Petitioner has not exhausted available state court remedies, his federal habeas corpus petition should be dismissed without prejudice so he can first give the state courts an opportunity to address his claims

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this petition be **DISMISSED** without prejudice, the first motion to proceed IFP, (doc. no. 3), be **GRANTED**, the second motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 4), and this civil action be **CLOSED**

SO REPORTED and RECOMMENDED this 6th day of December, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA